Edward L. Mueller, WSBA # 264
Mueller & Associates, Inc. P.S.
2050 112th Avenue, N.E., Suite 110
Bellevue, WA 98004
Tel. # (425) 457 7600
Fax #  (425) 457 7601
e-mail: elm@muellerlawfirm.net
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT,
### WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AUXIER FINANCIAL GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP. of WASHINGTON;  JPMORGAN CHASE BANK, N.A.;  Bank of America N.A. as Successor by Merger to LASALLE BANK, N.A.  as TRUSTEE for Washington Mutual Mortgage  Pass-through Certificates WaMu Series 2007- OA4 Trust, and for  Washington Mutual Mortgage Pass-Through Certificates MWALT Series 2007 OC-1 Trust.<br>Defendants. | No._____<br><br>COMPLAINT FOR:<br>(1) Violation of Washington Deed of Trust Act RCW 61.24 *et seq*;<br>(2) Slander of Title;<br>(3) Wrongful Foreclosure;<br>(4) Lack of Standing; and<br>(5) Temporary Restraining Order, Preliminary Injunction  and Permanent Injunction; |

Auxier Financial Group LLC, Plaintiff states its claims against the respective

Defendants, Quality Loan Service Corp. of Washington; JP Morgan Chase Bank, N.A.; and

Bank of America N.A.; Trustee for Washington Mutual Mortgage Pass-through Certificates

WaMu Series 2007-OA4 Trust; separately and together as follows:

**Complaint**                                 **- Page 1-**

# I.   JURISDICTION, VENUE AND PARTIES,

## 1.1.   Jurisdiction and Venue.

Jurisdiction in this case is based on diversity of citizenship pursuant to 28 USC §1332. The Plaintiff is a resident of Washington State, and some of the defendants are residents of other states, as stated in the descriptions of the parties in Paragraphs 1.2 through 1.5 of this Complaint.  The value of the amount in controversy exceeds $75,000.00, as described in the promissory note and deed of trust which are described in Paragraph 1.2 of this Complaint, Venue in this matter is properly set in the U.S. District Court, Western District of Washington pursuant to 28 USC §1391(a)(2) based on facts pled in Paragraphs 1.2, 1.3, and 1.5, below

## 1.2   Auxier Financial Group LLC, Plaintiff.

Auxier Financial Group LLC (hereinafter "AFG LLC") is a Washington Limited Liability Company, whose primary place of business is located in King County, Washington. AFG LLC acquired from co-owners Joseph T. Sellars and Greg Greene all of their rights, title and interest in certain real property pursuant to that certain Real Estate Contract dated March 19, 2009,[1] with respect to which a Memorandum of Contract dated April 14th, 2009 was signed by the sellers and recorded in the Snohomish County Auditor's Records on April 20th, 2009, under Recording # 200904200647.  At the time of the acquisition by Plaintiff the property was subject to a certain Deed of Trust dated February 22nd, 2007 recorded in the Snohomish County Auditor Records February 27th, 2007 Recording No. 200702270788.  That deed of trust stated that it secured payment of a promissory note also dated February 22, 2007 in the original principal amount of $298,000.00.  That loan and debt is one of the subjects of this

---

[1]   This was the date of the original agreement, which was later modified.  See Complaint, p.5, fn 3.

Complaint                          **- Page 2-**                     **MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

lawsuit, and apparently encumbers the real property to which Auxier Financial Group LLC acquired all of the ownership rights and interests from co-owners Joseph T. Sellars and Greg Greene.  The Loan Number on the Deed of Trust is 3013311174-048. The Legal Description of the Property is

> The East 85 feet of Tract 162, PLAT OF PAINE FIELD NO. 3, according to the plat thereof recorded in Volume 12 of Plats, Pages 110 and 111, in Snohomish County, Washington.
>
> Tax Parcel Number: 005380-000-162-02
>
> Site Address: 2525 Center Rd,, Everett, Washington  98204

### 1.3.  JP Morgan Chase Bank, N.A., Defendant.

JPMorgan Chase Bank, N.A. (hereinafter "Chase Bank") is a national bank doing business in Snohomish County, Washington, with corporate home offices in New York, NY. Chase Bank claims to be the successor in interest of Washington Mutual Bank. Washington Mutual Bank d/b/a Washington Mutual Bank, FA, was named as original lender of Loan. No. 3013311174-048.   Chase Home Finance LLC, an apparent affiliate of Chase Bank is currently servicing the Loan No.3013311174-048.

### 1.4.  Quality Loan Service Corp of Washington, Defendant

Quality Loan Service Corp of Washington; (hereinafter "Quality Loan Service") claims to be the current successor trustee of the deed of trust referred to in paragraph 1.1 above. It recorded a Notice of Trustee's sale under Snohomish County Auditor No. 201008130651 with sale currently set for Friday, January 7, 2011 at 10:00 am at the main entrance to the Snohomish County Courthouse, 3000 Rockefeller Avenue, Everett, WA.  Quality Loan

//

**Complaint**                                    **- Page 3-**

**MUELLER & ASSOCIATES, INC., P.S.**
**ATTORNEYS AT LAW**
**2050 – 112th Avenue N.E. Suite 110**
**Bellevue, Washington 98004**
**Ph. (425) 457-7600; FAX (425) 457-7601)**

Service is subject to the jurisdiction and venue of this court by its residency and by scheduling the non-judicial sale at the location described in this paragraph.

**1.5.   Bank of America N.A., Defendant**

Bank of America N.A. (hereinafter "BofA") is a national bank doing business in Snohomish County, Washington, with a home office in Charlotte, NC.  BofA reputedly claims[2] by merger to be the successor to LaSalle Bank as Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OA4 Trust; and reputedly claims to have been assigned the beneficial interest in the above described Deed of Trust which is purported to secure an obligation in favor of Washington Mutual Bank, FA[3].  If Bank of America is the successor by merger to LaSalle Bank as trustee for Washington Mutual Mortgage Pass-through Certificates WaMu Series 2007-OA4 Trust, then Bank of America also is the successor by merger to LaSalle Bank as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust.  Each trust reputedly claims that the Loan. No. 3013311174-048 (and its note and deed of trust) was deposited into it or assigned to it as part of the pool of loans for purposes of "securitization" and the issuance of investment certificates based on the pool of loans in the trust.  See Paragraphs 2.3 and 2.5 of this Complaint for reference to and description of the different recorded reputed assignments to the different trusts.

//

---

[2]   Plaintiff does not concede or admit that any of Bank of America's reputed claims described in this Complaint are true.

[3]   The lender named in the Deed of Trust, Snohomish County Auditor's Recording Number 022707882007 is "Washington Mutual Bank, FA."  However, Washington Mutual was a federal savings bank, and the "FA" after its name as lender identified in the deed of trust perhaps should have read "FSB."

.

Complaint                                    **- Page 4-**

**MUELLER & ASSOCIATES, INC., P.S.**
**ATTORNEYS AT LAW**
**2050 – 112th Avenue N.E. Suite 110**
**Bellevue, Washington 98004**
**Ph. (425) 457-7600; FAX (425) 457-7601)**

## II.    BACKGROUND FACTS AND HISTORY.

2.1.   **Original Lender was "Washington Mutual Bank. FA;"  Identification of Original Borrowers and Trustee Named in Deed of Trust.**

The original lender on Loan No. 3013311174-048, which is one of the subjects of this lawsuit, was shown on the loan documents as "Washington Mutual Bank, F.A."  The promissory note in that loan was secured by the deed of trust dated February 23rd, 2007 recorded in the Snohomish County Auditor Records February 27th, 2007 Recording No. 200702270788.  The trustee named in the deed of trust is Chicago Title Insurance Co. The borrower (who signed the note) was Joseph T. Sellars, who was at that time one of the co-owners of the real property that was described in the deed of trust.  The co-owners now hold only the sellers' contract interest as described in Paragraph 2.2 of this Complaint.  The purchaser's interest is held by Plaintiff.

2.2.   **Acquisition of Real Property by Auxier Financial Group LLC Subject to Deed of Trust; Recording of Memorandum of Contract.**

Auxier Financial Group LLC acquired the purchaser's ownership rights from co-owners Joseph T. Sellars and Greg Greene pursuant to that certain Real Estate Contract dated March 19, 2009, with respect to which a Memorandum of Contract dated April 14th, 2009 was signed by the sellers and recorded in the Snohomish County Auditor's Records on April 20th, 2009, under Recording No. 200904200647.

2.3.   **First Recorded Assignment of Recorded Deed of Trust; Recording Date: 11/19/2008.**

On November 19th, 2008 an Assignment of Deed of Trust was recorded under Snohomish County Records Recording No. 200811190337, and returned to Northwest Trustee Services, Inc.

Complaint                              - Page 5-                    **MUELLER & ASSOCIATES, INC., P.S.**
**ATTORNEYS AT LAW**
**2050 – 112th Avenue N.E. Suite 110**
**Bellevue, Washington 98004**
**Ph. (425) 457-7600; FAX (425) 457-7601)**

a.      This Assignment reputedly assigned all of Defendant Chase Bank's beneficial interests in both the Deed of Trust referenced above and the Note therein described to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust.  This trust may be referred to hereinafter as the "…OC1 Trust."  This assignment probably was ineffective because of the provisions of the OC1 Trust documents that provided that the deposits of loans into the trust closed effective May 11, 2007.[4]   However, this assignment is recorded and therefore is a "cloud on title" on the recorded deed of trust described in the assignment and the note secured by that deed of trust if anyone thereafter tries to deal with or rely upon the recorded deed of trust and the note secured by it except the named assignee, "LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust" acting for the benefit of the certificate holders who hold the certificates issued by that trust.

b.      This Assignment was signed by a person named Amy Weis as Attorney in Fact on November 3rd, 2008.

c.      The signature was notarized by Shoua Moua a notary in the State of Minnesota stating that Amy Weis had appeared before her and on oath stated that she was authorized to execute the instrument and acknowledged it as the attorney in fact of "JPMorgan Chase Bank N.A."

---

[4]  See the Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust documents filed with the SEC Edgar filings for this trust.  The documents which contain the "closing date" for deposit of loan are the "Term Sheet," the "Pooling Agreement" and the "Prospectus Supplement."   These documents can be viewed on the Internet at http://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001397761&owner=exclude&count=40

Complaint                                    - Page 6-

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601

i.   The notary's signature states "Notary Public in and for the State of MN

"Residing at Washington."

d.  No assignment is recorded transferring the original beneficiary's interest of

"Washington Mutual Bank, FA," to "JPMorgan Chase Bank, NA"

**2.4      Recorded Appointment of Successor Trustee Named
Northwest Trustee Services, Inc**.

On November 19th, 2008 an Appointment of Successor Trustee was recorded by

Defendant Chase Bank in Snohomish County Records Recording No. 200811190338.

a.   This document appointed <u>Northwest Trustee Services, Inc</u>. as a Successor Trustee.

b.   The 1st paragraph states the beneficiary as Washington Mutual Bank, FA.

c.   The 3rd paragraph describes the "present beneficiary" as "J.P. Morgan Chase Bank,

National Association, as attorney in fact for LaSalle Bank NA, as Trustee for Washington

Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust."[5]

d.   This appointment was signed by a person named Elizabeth Boulton, Vice

President on November 12th, 2008.

e.   The signature was notarized by Jasmine Cohkovica, a notary in the State of Florida

stating that Elizabeth Boulton had appeared before her and under on oath stated that she was

authorized to execute the instrument and acknowledged it as Vice President of "JPMorgan

Chase Bank N.A".

//

//

---

[5]   The trust documents filed with the SEC in Washington Mutual Mortgage Pass-Through
Certificates WMALT Series 2007-OC1 Trust do not appear to refer to or authorize a
"power of attorney" for the trustee as a principal or to authorize anyone as "attorney-
in-fact" for the trustee.

Complaint                                    - Page 7-                    **MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

f.   This appointment appears to be a hastily completed form document because the bottom two fields entitled "Client:" & "Borrower" were never filled out and the database merge field descriptions are still there.

g.   Northwest Trustee Services, Inc. is not the alleged successor trustee who has recorded the Notice of Trustee's Sale received by Plaintiff as  described in ¶ 2..6 below.

**2.5.      Second Recorded Assignment of Deed of Trust; Recording Date 05/18/2010.**

On May 18th, 2010, another Assignment of the same Deed of Trust was recorded by Defendant Chase Bank under Snohomish County Auditor's Recording No. 201005180285.

a.   This Assignment reputedly assigned all of Defendant Chase Bank's beneficial interests in and to the above described Deed of Trust, together with the Promissory note secured by said Deed of Trust to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OA4 Trust.

b   This Assignment described Defendant Chase Bank as "JPMorgan Chase Bank, N.A., Successor in interest from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank"

c.   This Assignment was signed by a person named Margaret Dalton, Vice President, on May 6th, 2010.

d.   The signature was notarized by Florina C. Munoz, a notary in the State of Florida stating that Margaret Dalton had personally appeared before her and acknowledged that she was authorized to execute the instrument.

//

//

**Complaint**                                   **- Page 8-**

e.  No assignment is recorded transferring the interest held by previous assignee, LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust, back to Defendant Chase Bank.

**2.6.     Plaintiff Received Notice of Trustee's Sale.**

Plaintiff received a Copy of the Notice of Trustee Sale from Defendant Quality Loan Service on or about August 20th, 2010 stating the property described above was to be sold at Trustee's Auction on November 19th, 2010 due to a Default of the Deed of Trust referenced above.

**2.7.     Plaintiff Made Multiple Attempts to Obtain Reinstatement Amount Without Success.**

Plaintiff made multiple attempts to obtain a reinstatement quote from both Quality Loan Service and JPMorgan Chase Bank.  Each claimed that it did not have the data to determine the amount, but would provide the reinstatement amount "shortly."   Plaintiff tried to follow up, but could never obtain an up-to-date reinstatement figure.  As the date of the Trustee Sale become closer it appeared to Plaintiff that both Quality Loan Service & JPMorgan were simply attempting to delay until the trustee's sale could occur.  In addition, Plaintiff found it curious that neither the party claiming to be the trustee nor the party claiming to be the servicer could provide a reinstatement quote as stated in the Notice of Trustee's Sale the Plaintiff had received.

**2.8     Research Related to The Loan and the Investment Trust Named  Bank of America, National Association as Successor by Merger to LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OA4 Trust.**

Due to Defendants not being able to provide Plaintiff with a reinstatement quote and the flurry of media attention on "Foreclosure Fraud," Plaintiff began to research this particular

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

loan to see if this may be a case of misrepresentation and possible "fraudulent" foreclosure. As a result of that investigation Plaintiff discovered that there has never been an appointment of successor trustee recorded giving Quality Loan Service the authority to invoke the power of sale in the above mentioned Deed of Trust. See the requirement in RCW 61.24.010 (2), which reads:

> "…[T]he beneficiary shall appoint a trustee or a successor trustee. **Only upon recording the appointment of a successor trustee** in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee"

> (bolding supplied as emphasis by counsel for Plaintiff.)

The fact that no recording of the appointment of Quality Loan Service existed[6] prior to or as of the date and time this Complaint is filed, was one of the several facts that caused Plaintiff to retain counsel to bring this action to the court to obtain relief from this unlawful non-judicial foreclosure action in violation of applicable law.  As Quality Loan Service was most likely instructed to proceed with the foreclosure by the servicer[7] on the loan, who was most likely instructed  by the party who claims to be the current beneficiary of the deed of trust[8], not only has Quality Loan Service violated RCW 61.24. 010 (2), but Chase Bank and BofA each have breached their duty to abide by  RCW 61.24.010(2) before requesting a non-judicial foreclosure under the Deed of Trust.

//

//

---

[6]  As of the date and time this complaint was filed, Plaintiff has been unable to find a recorded appointment of Quality Loan Service as a substitute trustee for the Deed of Trust recorded under Snohomish County Auditor's Recording No. 200702270788.

[7]  The current servicer is Chase Home Finance, LLC, an affiliate of Chase Bank.

[8]  According to the recorded Notice of Trustee's Sale the beneficiary is the Trustee of the OA4 Trust.

Complaint                                          - Page 10-

**MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

**2.9    Plaintiff Has Reason to Believe That Loan. No. 3013311174-048 Has Not Been "Securitized" in Either of the Trusts Named in This Complaint,**

If the assignments of the deed of trust recorded by Chase Bank are believed to have significance, as impliedly represented by Chase Bank's recording of them,  then it appears that the Note & Deed of Trust (and Loan. No. 3013311174-048) referenced above may have been "securitized" as have millions of mortgage loans (notes and deeds of trust) entered into over the past decade.  Plaintiff has reason to believe that Loan. No. 3013311174-048 has not been "securitized" for the following reasons:

a.    Plaintiff has checked the publicly published information on the investment trust described as "LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust"   According to the "Pooling Agreement" for that investment trust, the closing date for deposit of loans into the trust was April 26, 2007. The "Assignment" recorded by Chase Bank into that trust was dated November 8, 2008.  That assignment was purportedly made at least 17 months after the pooling agreement that provides for deposit into the trust states that the trust was closed.  Furthermore, this was the document that was notarized by a Minnesota notary who "resided in Washington."  That raises a serious question about the validity of notarial acknowledgment.  See Complaint, p. 5, ¶ 2.3.  In addition, at the time that investment trust was set up in April 2007, Washington Mutual was still "going strong" in April 2007.  "WaMu" was not put into receivership until late September 2008.  Therefore, if "Washington Mutual Mortgage" deposited Loan. No. 3013311174-048 into the investment trust, in April 2007, then that asset was not part of the receivership assets acquired by Chase Bank in September 2008.   Therefore, if those are the facts Chase Bank had no asset to assign into that investment trust on November 8, 2008 unless the loan was not put

**Complaint**                          **- Page 11-**            **MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

into the investment trust when it reputedly should have been.  Furthermore, Plaintiff has

checked the list of loans filed with the SEC that were reputed to be deposited into the "OC1"

trust.  The loans were listed by loan number.  Loan No 3013311174-048 does not appear on

the list.

       b.   The same can be said for the investment trust named "Bank of America, National

Association as Successor by Merger to LaSalle Bank NA as trustee for Washington Mutual

Mortgage Pass-Through Certificates WMALT Series 2007-OA4 Trust."  See Complaint, p.7,

¶ 2.5.   The closing date for deposits into this second investment trust was either May 12, or

May 25 2007.[9]  The assignment made by Chase Bank was signed May 6, 2010, and recorded

on May 18, 2010, about three years after the second investment trust was closed.  If

Washington Mutual Mortgage deposited Loan No. 3013311174-048 into the previously

identified investment trust, i.e. OC1, then Washington Mutual Mortgage had nothing related to

this loan to deposit into this second investment trust, i.e., "OA4."  If Washington Mutual

Mortgage validly deposited Loan No. 3013311174-048 into this second investment trust at the

time when the trust was open for deposits, in May 2007, then the asset was not part of the

FDIC receivership.   If Washington Mutual Mortgage deposited the loan into either investment

trust during the time the trust was open for deposit, then Chase Bank did not receive the loan

as an asset from the FDIC; and Chase Bank had no asset to assign in May 2010.  If the asset

was not put into the second investment trust before it closed, then the assignment three years

later was too late to include the loan in this trust.  Furthermore, Plaintiff has reviewed the list

---

[9]   Different documents filed with the SEC related to this trust provided different "closing
dates" for deposit of the loans.  Regardless of which date is correct, the attempted
assignment was too late to put the loan into the trust, and thus the assignment in May 2010
never became effective for that reason alone.

**MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

of loans included in this second investment trust by reference to loan number, and Loan. No. 3013311174-048 does not appear to be included in the list for this trust either.

c.    Given the facts just recited, Plaintiff has reason to believe that Loan No. 3013311174-048 is not a part of either of the two investment trusts.  Who really holds the note and is the true beneficiary of the deed of trust, if anyone, remains to be proven, and the burden of proof is on the party who claims to own or hold the note and deed of trust.

**2.10.    Plaintiff Requests Strict Proof of Defendant's Claims of Right to Foreclose**.

Plaintiff requests strict proof from any Defendant who claims the right to foreclose which proof should meet the following requirements:

a. The indorsements[10] of the signature original promissory note were made to the proper entities at the proper time and in the proper sequence to show the history of transfers from the original lender/payee named on the note through to the current holder/owner of the note, all pursuant to applicable Washington State negotiable instruments law.

b.   That any assignments of the deed of trust were made to the same entities at the same time as any indorsements of the note secured by the deed of trust, so that the beneficial ownership of the deed of trust was not separated from the rightful ownership of the note.

c.   That the person who claims the right to foreclose the deed of trust is either the real party in interest who owns and holds both the note and the deed of trust for its own benefit, or that is has authority to act and is acting for the rightful owner(s) and holder of the note and the beneficial interest in the deed of trust, whomever that may be.

//

---

[10]   This is the spelling used by the Washington State UCC, Negotiable Instruments Law, RCW 62A.3-101 et seq.

Complaint                              **- Page 13-**                    **MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

### III.  Plaintiff's Claims.

**3.1.   Claim of Violation of Deed of Trust Act RCW 61.24 et. Seq.**

> **3.1.1. Plaintiff Realleges Paragraphs 1.1 through 2.10 of Complaint.**

Plaintiff Auxier Financial Group LLC realleges Paragraphs 1.1 through 2.10, including all subparagraphs thereof, as if fully and completely set forth here.

> **3.1.2.   Defendant Quality Loan Service has violated RCW 61.24.et seq.**

Plaintiff claims that Defendant Quality Loan Service has violated RCW 61.24 *et seq.* by proceeding to issue and record in the Snohomish County Auditor records a Notice of Trustee Sale without there first being recorded in Snohomish County Auditor's Records an Appointment of Quality Loan Services as Trustee of the Deed of Trust referenced above.     Plaintiff also claims that Defendant Quality Loan Service has violated RCW 61.24 *et seq.* by not complying with the prerequisites of RCW 61.24.030(7)(a) prior to issuing a Notice of Trustee Sale.

> **3.1.3.   Plaintiff Claims that BofA and Chase Bank Violated RCW. 61.24. *et seq.***

Plaintiff claims that Defendant(s) BofA and Chase Bank separately and together violated RCW 61.24 *et seq.* by requesting and causing Defendant Quality Loan Service to initiate non-judicial foreclosure proceedings against the real property described in Paragraph 1.2 of this Complaint, when it knew or should have known that no Appointment of Quality Loan Service as successor trustee for the Deed of Trust referenced above had been recorded in the Snohomish County Auditor's Records as required by RCW 61.24.010(2)  prior to requesting that Quality Loan Service proceed to act as trustee to hold a trustee's sale to foreclose  the recorded deed of trust described in ¶ 1.2 above.

//

//

**Complaint**                          **- Page 14-**

**MUELLER & ASSOCIATES, INC., P.S.**
**ATTORNEYS AT LAW**
**2050 – 112th Avenue N.E. Suite 110**
**Bellevue, Washington 98004**
**Ph. (425) 457-7600; FAX (425) 457-7601)**

### 3.1.4.   Plaintiff Claims Damages Against All Three Defendants for Violation of RCW 61.24. *et seq.*

Plaintiff claims damages against all three Defendants, jointly and severally, for violation of RCW 61.24.*et seq.* in an amount to be proven at time of trial or dispositive motion, plus an award for attorney's fees and costs and expenses incurred in presenting this claim.

### 3.2.   Claim of Slander of Title

### 3.2.1.   Plaintiff Realleges Paragraphs 1.1 through 2.10 of Complaint.

Plaintiff Auxier Financial Group LLC realleges Paragraphs 1.1 through 2.10, including all subparagraphs thereof, as if fully and completely set forth here.

### 3.2.2. Plaintiff Claims that Quality Loan Service Has Slandered Title.

Plaintiff claims that Defendant Quality Loan Service has slandered title to the Real Property identified above by recording an unlawful Notice of Trustee Sale.

### 3.2.3.   Plaintiff Claims that BofA and Chase Bank authorized Slander of Title

Plaintiff alleges that Defendant(s) BofA and Chase Bank have authorized Quality Loan Service to slander title to the Real Property identified above by causing Defendant Quality Loan Service to record an unlawful Notice of Trustee's Sale document in the Snohomish County Auditor Records.

### 3.2.4.   Plaintiff Claims Damages for Having to Remove Slander of Title.

Plaintiff claims damages for having to bring this claim to remove the slander of title in an amount to be proven at time of trial or dispositive motion, plus an award for attorney's fees and costs and expenses incurred in presenting this claim.

//

**MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

**3.3.**   **Claim of Wrongful and Unlawful Foreclosure as an Unfair Business Practice.**

   **3.3.1.  Plaintiff Realleges Paragraphs 1.1 through 2.10 of Complaint.**

Plaintiff Auxier Financial Group LLC realleges Paragraphs 1.1 through 2.10, including all subparagraphs thereof, as if fully and completely set forth here.

   **3.3.2.  Defendants Have Engaged in Unfair and Deceptive Business Practices.**

Plaintiff claims that Defendant(s) have all engaged together in a wrongful and unlawful foreclosure action as part of a plan executed between them by utilizing unfair and deceptive business practices in violation of RCW 19.86 et seq. The Defendants' unfair and deceptive business practices include:

   i.   Not responding to Plaintiff's requests to obtain an up-to-date reinstatement quote within a reasonable period of time, and failing to provide an up-to-date reinstatement quote at all;

   ii.  Engaging an unauthorized party to initiate wrongful and unlawful foreclosure proceeding which is still being rescheduled under the wrongful and unlawful Notice of Trustee's Sale.

   iii. Attempting to gain legal title to the Real Property described in ¶ 1.2 above through the wrongful and unlawful foreclosure.

   **3.3.3.  Plaintiff Claims Damages Against All Defendants for Violation of RCW 19.86.*et seq,***

Plaintiff claims damages for having to bring this claim for violation of RCW 19.86. *et seq.* The amount will be proven at time of trial or dispositive motion, plus an award of treble damages, plus an award for attorney's fees and costs and expenses incurred in presenting this claim.

**Complaint**                        **- Page 16-**

**MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

**3.4.   <u>Claim For Declaratory Judgment re: Lack of Standing to Forerclose.</u>**

      **3.4.1   <u>Plaintiff Realleges Paragraphs 1.1 through 2.10  of Complaint</u>**.

Plaintiff Auxier Financial Group LLC realleges Paragraphs 1.1 through 2.10, including all subparagraphs thereof, as if fully and completely set forth here.

      **3.4.2.   <u>None of the Defendants Has Standing to Foreclose.</u>**

Based on the allegations in Paragraph 3.4.1, Plaintiff claims the right to a Declaratory Judgment that none of the Defendant(s) has the standing to foreclose because none is a real party in interest who has the authority to enforce the signature original Note described above and none holds the beneficial interest of the Deed of Trust.

      **3.4.3.   <u>There are Significant Gaps in the "Chain of Title" to The Note and Beneficial Interest in the Deed of Trust.</u>**

There are significant gaps in the chain of ownership of the Promissory Note and beneficial interests in the Deed of Trust.  The original Lender on the Note who was also the beneficiary on the Deed of Trust was Washington Mutual Bank FA, who never recorded any assignment of its interests to Defendant Chase Bank or any other named Defendant.  The lack of any such assignments or indorsements leaves a gap in title to both the note and the beneficial interest in the deed of trust.

      **3.4.4.   <u>Chase Bank Proceeded to Make Assignments of a Note and Beneficial Interest in a Deed of Trust For Which it Did Not Have Record Ownership.</u>**

Even though there is no record of Chase Bank ever obtaining any interests from Washington Mutual Bank which Chase Bank could assign to an investment trust, nevertheless, Chase Bank caused to be recorded 2 different assignments of its interests in both the Deed of Trust and Promissory Note to two different investment trusts.

**MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

(a)  The first assignment was to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-**OC1** Trust;

(b)  Then later the second assignment was to Bank of America, National Association as successor by merger to LaSalle Bank NA as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-**OA4** Trust.

### 3.4.5.   <u>Assuming Chase Bank had the Right to Make the Assignments, It Attempted  to Assign The Same Rights to two Different Assignees.</u>

Even assuming for purposes of argument only, but not conceding, that Chase Bank did have the proper rights and authority to assign the note and the beneficial interest in the deed of trust to another party, once it had assigned all of its interest in the note and deed of trust to the first party, LaSalle Bank as Trustee for the …OC1 Trust described above. Chase Bank could not thereafter again transfer those same rights and interests a second time to yet a different trustee for a different trust, i.e., Bank of America as Trustee for the …OA4 Trust.  Plaintiff claims that neither of the assignments is effective, but if either assignment is effective then it is only the first one.  Once the first assignment was made and recorded the second one could not be effective because Chase Bank had retained nothing to assign.  The second assignment could not possibly be valid.  Any reasons that would invalidate the first assignment would also invalidate the second assignment.   The current foreclosure is based on the reputed validity of the second assignment. The premise of the validity of the second assignment is simply false and Chase Bank should have known that when it made the second assignment.

//

//

//

**Complaint**                          **- Page 18-**

**3.5.**     <u>Claims for Temporary Restraining Order, Preliminary and Permanent Injunction</u>

        <u>3.5.1.   Plaintiff Realleges Paragraphs 1.1 through 2.10 of Complaint.</u>

    Plaintiff Auxier Financial Group LLC realleges Paragraphs 1.1 through 2.10, including all subparagraphs thereof, as if fully and completely set forth here.

        <u>3.5.2.   Request For Temporary Restraining Order and Preliminary Injunction.</u>

    If the Defendant Quality Loan Services is permitted to sell the property at a non-judicial foreclosure sale, the rights of and interests of Plaintiff in the real property described above will be lost or otherwise thwarted, even though Plaintiff is filing this lawsuit.  That will cause Plaintiff irreparable harm because the property is uniquely situated and adjacent to other property acquired by Plaintiff for a combined development project.  Loss of the property subject to the deed of trust described in ¶ 1.2 of the Complaint will cause the failure of Plaintiff's planned project.   Thus the Plaintiffs will lose greatly by such foreclosure sale. Furthermore a non-judicial foreclosure sale is very unlikely to produce a reasonable value that will payoff the loan so whichever Defendant, if any, may be entitled to foreclose will lose by the foreclosure sale.  In any event, none of the Defendants are likely to be able to prove entitlement to foreclose, given the evidence apparently relied upon by Defendants.

        <u>3.5.3</u>.   <u>Plaintiff Claims the Right to a Permanent Injunction Against the Defendant BofA as Reputed Trustee of Investment Trust …0C1 Upon Certain Conditions.</u>

    Plaintiff claims the right to a permanent injunction against Defendant BofA as reputed Trustee by merger with LaSalle Bank as trustee of the investment trust described in ¶ 2.3 above, named "Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust" .if Defendant BofA  can not prove that (1) it is the trustee that replaced LaSalle Bank as trustee on that trust,  or (2) can not prove that it holds the  right as trustee on behalf of that trust

Complaint         **- Page 19-**         **MUELLER & ASSOCIATES, INC., P.S.**
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

to foreclose the deed of trust on the property described in ¶ 1.2 of this Complaint by proving

(3) that as trustee it is the holder of the note, properly indorsed as required by Washington

State's Uniform Commercial Code, Negotiable Instruments Law, and (4) that the beneficial

interest in the deed of trust was assigned to it simultaneously with the delivery of the note, all

pursuant to Plaintiff's request in ¶ 2.10 above.

### 3.5.4. **Plaintiff Claims the Right to a Permanent Injunction Against the Defendant BofA as Reputed Trustee of Investment Trust …0A4 Upon Certain Conditions.**

Plaintiff claims the right to a permanent injunction against Defendant BofA as reputed

Trustee by merger with LaSalle Bank as trustee of the investment trust described in ¶ 2.5

above, named  "Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OA4

Trust" .if Defendant BofA  can not prove that (1) it is the trustee that replaced LaSalle Bank as

trustee on that trust,  or (2) can not prove that it holds the  right as trustee on behalf of that trust

to foreclose the deed of trust on the property described in ¶ 1.2 of this Complaint by proving

(3) that as trustee it is the holder of the note, properly indorsed as required by Washington

State's Uniform Commercial Code, Negotiable Instruments Law, and (4) that the beneficial

interest in the deed of trust was assigned to it simultaneously with the delivery of the note, all

pursuant to Plaintiff's request in ¶ 2.10 above.


### REQUESTS FOR RELIEF.

**Wherefore, Plaintiff having stated its claims for relief, requests relief against**

**Defendants as follows:**

    a.  That the Court issue a Temporary Restraining Order to immediately enjoin

        Quality Loan Service from holding the pending Trustee's Sale currently

**Complaint**                               **- Page 20-**

scheduled for January 7th, 2011, pending a hearing on the request for Preliminary Injunction.

b.  That the Court issue a Preliminary Injunction that enjoins all actions of foreclosure initiated by Defendant Quality Loan Service of Washington to date as void, or as a second alternative, as immediately voidable.

c.  Grant a Permanent Injunction against foreclosure by Bank of America as Trustee with respect to each separate investment Trust, i.e., (1) Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OC1 Trust. as described in ¶ 3.5.3, and (2) Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-OA4 as described in ¶ 3.5.4, to the extent that Bank of America, acting as Trustee for each Trust fails to show that Loan No. 3013311174-048 became an asset of either Trust.

d.  Grant Declaratory Judgment that any of the named Defendants who claim to have the right to enforce the original note and deed of trust must provide strict proof of their claim and standing to enforce the original note and deed of trust including:

   i.  all endorsements of the original note. properly executed with transfers made to the proper entities in proper sequence, so as to show a complete chain of title to the note from the original lender to the holder of the note and

   ii.  all assignments of the beneficial interest in the deed of trust properly executed at the appropriate time by the appropriate parties in the proper

MUELLER & ASSOCIATES, INC., P.S.
ATTORNEYS AT LAW
2050 – 112th Avenue N.E. Suite 110
Bellevue, Washington 98004
Ph. (425) 457-7600; FAX (425) 457-7601)

sequence, with transfers of possession of the assignments simultaneous with transfer of possession of the properly indorsed/endorsed note to the same party.

e.  Grant judgment against Defendants, jointly and severally for engaging in unfair and deceptive business practices in violation of RCW 19.86, *et seq*. and that this Court award damages to Plaintiff in the amount proven at trial or dispositive motion, including but not limited to award of Treble damages and an award of costs and attorney's fees;

f.  Grant Judgment against the Defendants, jointly and severally for Slander of Title, and the damages caused thereby in an amount to be proven at time of trial or dispositive motion, including an award of reasonable attorneys fees and costs .

g.  And such other relief as the Court deems just and proper.

Dated December 23, 2010

Mueller & Associates, Inc. P.S.

  /s/ Edward L. Mueller
 Edward L. Mueller, WSBA # 264
 Attorney for Plaintiff,
 Auxier Financial Group, LLC

**Complaint**                                **- Page 22-**