The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUXIER FINANCIAL GROUP LLC,<br><br>               Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE BANK, N.A.; Bank of America N.A. as Successor by Merger to LASALLE BANK N.A. as TRUSTEE for Washington Mutual Mortgage Pass-through Certificates WaMu Series 2007-OA4 Trust, and for Washington Mutual Mortgage Pass-Through Certificates MWALT Series 2007 OC-1 Trust,<br><br>               Defendants. | No. C 10-2070 MJP<br><br>MOTION TO COMPEL; MOTION FOR AN ORDER TO SHOW CAUSE; and UNOPPOSED MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTIONS DEADLINE BY 30 DAYS<br><br>**Note on Motion Calendar:<br>November 4, 2011** |

On September 22, 2011, JPMorgan Chase Bank, N.A. ("Chase") subpoenaed Joseph T. Sellars—the principal witness in this case—to produce documents and deposition testimony. Mr. Sellars offered no objections, did not move to quash, and did not move to modify the subpoena as allowed under Rule 45. Mr. Sellars chose not to appear at the scheduled deposition on October 11, 2011 or produce the requested documents. Despite repeated requests for alternate dates, Mr. Sellars refuses to respond. Because Mr. Sellars ignored the subpoena, Chase requests that the Court compel Mr. Sellars to produce the requested documents and to issue an order to show cause why Mr. Sellars should not be held in contempt.

Further, Chase requests that the Court grant its unopposed motion to extend the discovery and dispositive motions deadline by 30 days.

MOTION TO COMPEL, FOR ORDER TO SHOW CAUSE
AND TO EXTEND DEADLINE — 1 (11-CV-2070-MJP)
DWT 18375558v1 0036234-000065

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. STATEMENT OF FACTS

Plaintiff has challenged a non-judicial foreclosure initiated by JPMorgan Chase Bank, N.A. ("Chase") on property owned in part by Joseph Sellars, alleging that it acquired the property from Mr. Sellars and co-owner Gregory Greene. Compl. § 1.2 (Dkt. # 1). On September 22, 2011, Chase served Mr. Sellars personally with a subpoena requesting documents "related to Auxier Financial, LLC," and commanding Mr. Sellars to appear at a deposition scheduled October 11, 2011. Burnside Decl., Exs. A & B (subpoena to Mr. Sellars and affidavit of service). The subpoena specifically informed Mr. Sellars that, pursuant to Federal Rule 45(e), "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Id.*, Ex. A.

Mr. Sellars ignored the subpoena: he did not object, move to quash, or move to modify the subpoena. *Id.* ¶ 3. Counsel for Chase called Mr. Sellars on several occasions to inquire if the deposition could be moved to suit his convenience. *Id.* Mr. Sellars refused to schedule any date or time, and has stopped returning phone calls from counsel. *Id.* Counsel was clear that Mr. Sellars was expected to comply with the subpoena. *Id.* Counsel for Chase (and Plaintiff) appeared with a court reporter at the scheduled time and incurred significant expense as a result. *Id.* & Ex. C.

## II. ARGUMENT

### A. The Court Should Grant Chase's Motion to Compel Because Chase's Subpoena Seeks Discoverable Documents, Allowed Reasonable Time, and Mr. Sellars Did Not Object.

Federal Rule 45 allows a party serving a subpoena to "move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i); *see also* 9 Charles Richey & Jerry Smith, *Moore's Federal Practice* § 45.62[3] (2011) ("If a subpoena recipient does not respond . . . the party serving the subpoena should look to the court for enforcement . . . ."). Federal courts may compel production of documents, but should avoid "imposing an undue burden or expense on the producing party." *Garner Constr., Inc. v. Int'l Union of Operating Engineers*, No. 07-cv-775, 2007 WL 4287292, at *1 (W.D. Wash. Dec. 4. 2007). A burden is "undue" if a subpoena seeks irrelevant information or is overbroad. *See id.* at *2. A recipient

MOTION TO COMPEL, FOR ORDER TO SHOW CAUSE
AND TO EXTEND DEADLINE — 2 (11-CV-2070-MJP)
DWT 18375558v1 0036234-000065

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

may challenge a subpoena by serving objections, or by moving to quash or modify the subpoena. Fed. R. Civ. P. 45(c)(2)(B)–(3)(A). Here, Chase seeks not only relevant information, but key documents, and Mr. Sellars has neither objected, nor moved to quash or modify the subpoena.

*First*, Chase's subpoena requests relevant—indeed, essential—information: any documents in Mr. Sellars' possession that are "related to Auxier Financial, LLC." Burnside Decl., Ex. A. These documents, vital to establishing the relationship between Mr. Sellars and Auxier and the existence of the supposed sale, are "nonprivileged matters . . . relevant to a party's claim[s] or defense[s]," and thus fall within the scope of discovery. Fed. R. Civ. P. 26(2)(D); *see also id.* Advisory Comm. Note of 1991 to Rule 45 (a "non-party witness is subject to the same scope of discovery under [Rule 45] as that person would be as a party to whom a request is addressed pursuant to Rule 34"). Chase needs Mr. Sellars's testimony and documents to address Plaintiffs' allegations that it purchased the property from Mr. Sellars.

*Second*, Mr. Sellars has failed to object, move to quash, or move to modify the subpoena as permitted under Federal Rule 45. Rather, Mr. Sellars ignored it, and did so for a simple reason: he has no grounds to challenge. The subpoena seeks relevant, nonprivileged information, it allowed reasonable time for compliance (almost three weeks), and imposed no other undue burden. In fact, counsel for Chase called Mr. Sellars on no less than four occasions to inquire if the deposition and production of documents could be better scheduled for his convenience. Burnside Decl. ¶ 3. Mr. Sellars refused to discuss the matter and has since refused to return any phone calls from undersigned counsel. *Id.*

Because Chase's subpoena seeks relevant information and imposes no undue burden, and because Mr. Sellars has simply ignored the subpoena rather than provide any grounds to challenge, the Court should grant Chase's motion to compel.

**B.   The Court Should Grant Chase's Motion for an Order to Show Cause Because Mr. Sellars Ignored the Subpoena Without "Adequate Excuse."**

A court may hold a subpoena-recipient in contempt where the recipient is served and fails to comply "without adequate excuse." Fed. R. Civ. P. 45(e). Because a subpoena "is an order of the court, contempt sanctions are available merely for the initial disobedience," and a "prior

MOTION TO COMPEL, FOR ORDER TO SHOW CAUSE
AND TO EXTEND DEADLINE — 3 (11-CV-2070-MJP)
DWT 18375558v1 0036234-000065

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

court order compelling compliance . . . is not invariably required." Smith & Richey, supra § 45.62[3] (citing *Paine Webber v. Acstar Inc. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002)).

Mr. Sellars ignored the subpoena without ***any*** excuse, let alone an "adequate" one. Because Mr. Sellars failed to timely object, challenge the subpoena, or provide any explanation for noncompliance, the Court should grant Chase's motion for an order to show cause.

### C. The Court Should Grant Chase's Unopposed Motion to Extend the Discovery and Dispositive Motion's Deadline for 30 Days.

In an Order dated October 17th, the Court denied Defendants' Motion to Amend the Case Schedule to extend the trial date by five months, but stated that "the parties are free to propose an alternative adjustment." Order (Dkt. # 17). Due to the ongoing discovery difficulties (as discussed above) and the initial delay caused by Plaintiffs' amendment to its Complaint, Chase requests (and Plaintiff does not oppose) that the Court extend the deadline for discovery and dispositive motions by 30 days—from October 21, 2011 to November 20, 2011, and November 21 to December 21, 2011, respectively. *See* Burnside Dec. ¶ 4; *see also* Order Setting Trial Date & Related Dates (Dkt. # 11). This change will not impact the trial date in March 2012. *See id.*

### III. CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant its motion to compel, motion for an order to show cause, and unopposed motion to extend the discovery and dispositive motions deadline by 30 days.

DATED this 20th day of October, 2011.

Davis Wright Tremaine LLP
Attorneys for Defendants
Chase and Bank of America

By  *s/ Fred B. Burnside*
Fred B. Burnside, WSBA #32491
Matthew Sullivan, WSBA #40873
Suite 2200, 1201 Third Avenue
Seattle, Washington  98101-3045
Tel.: (206) 757-8257; Fax: (206) 757-7257
E-mail: fredburnside@dwt.com
E-mail: matthewsullivan@dwt.com

MOTION TO COMPEL, FOR ORDER TO SHOW CAUSE
AND TO EXTEND DEADLINE — 4 (11-CV-2070-MJP)
DWT 18375558v1 0036234-000065

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on October 20, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Edward L. Mueller
  elm@muellerlawfirm.net

and I hereby certify that I caused to be served by Washington Legal Messengers on October 20, 2011 the document to the following non CM/ECF participants:

- Joseph T. Sellars
  10929 36th Street NE
  Lake Stevens, Washington 98258-8150

DATED this 20th day of October, 2011.

        Davis Wright Tremaine LLP
        Attorneys for Defendants
        Chase and Bank of America

        By *s/ Fred B. Burnside*
          Fred B. Burnside, WSBA #32491
          Suite 2200, 1201 Third Avenue
          Seattle, Washington  98101-3045
          Tel.: (206) 757-8257; Fax: (206) 757-7257
          E-mail: fredburnside@dwt.com

MOTION TO COMPEL, FOR ORDER TO SHOW CAUSE
AND TO EXTEND DEADLINE — 5 (11-CV-2070-MJP)
DWT 18375558v1 0036234-000065

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700