The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUXIER FINANCIAL GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.; Bank of America N.A. as Successor by Merger to LASALLE BANK N.A. as TRUSTEE for Washington Mutual Mortgage Pass-through Certificates WaMu Series 2007-OA4 Trust, and for Washington Mutual Mortgage Pass-Through Certificates MWALT Series 2007 OC-1 Trust,<br><br>Defendants. | No. C10-2070 MJP<br><br>SURREPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>***Note on Motion Calendar:***<br>**Friday, December 30, 2011** |

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF SURREPLY .......... 1

II. RESTATEMENT OF RELEVANT FACTS .......... 1

III. MOTION TO STRIKE .......... 6

IV. ARGUMENT .......... 8

A. Plaintiff Did Not Timely Respond to the Summary Judgment Motion .......... 8

B. Plaintiff Does Not Have Standing To Pursue Any Claims. .......... 8

C. The Sale Agreement Did Not Convey Any Protected Interest in the Property. .......... 9

D. Plaintiff Has Not Identified Any Genuine Issue of Material Fact. .......... 10

1. Securitization Is Immaterial to Plaintiff's Claims. .......... 10

2. No Foreclosure Has Occurred and There Is No Claim for Wrongful Initiation of Foreclosure. .......... 11

3. Plaintiff Has Not Offered Evidence That Title Was Slandered. .......... 11

4. Plaintiff Has Not Offered Evidence Supporting Any of the Elements of Its CPA Claim. .......... 12

5. Plaintiff's Request for Injunctive and Declaratory Relief Fail Because They Are Wholly Derived From Other Failed Claims. .......... 12

V. CONCLUSION .......... 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Campbell Indus. v. M/V Gemini*,
619 F.2d 24 (9th Cir.1980) ....................................................7

*Constanich v. Wash.*,
2008 WL 1968775 (W.D. Wash. 2008)....................................................7

*Corales v. Flagstar Bank, FSB*,
--- F. Supp. 2d ---, 2011 WL 4899957 (W.D. Wash. 2011) .................... 10-11

*Docusign v. Sertifi, Inc.*,
468 F. Supp. 2d 1305 (2006) ....................................................6

*Donaldson v. BAC Home Loans Servicing, LP*,
2011 WL 3739432 (M.D. Tenn. 2011)....................................................2

*Fed. Nat'l Mortg. Assoc. v. Wages*,
2011 WL 5138724 (W.D. Wash. 2011)....................................................8

*Fidel v. Deutsche Bank Nat. Trust Co.*,
2011 WL 2436134 (W.D. Wash. 2011)....................................................3, 11

*Goodstein v. Cont'l Cas. Co.*,
509 F.3d 1042 (9th Cir. 2007) ....................................................9

*Lekas v. Briley*,
405 F.3d 602 (7th Cir. 2005) ....................................................8

*Martinez v. Am. Wholesale Lender*,
2011 WL 3562937 (9th Cir. 2011) ....................................................7

*Marukyan v. JPMorgan Chase Bank, NA*,
No. 10-0478JLR (W.D. Wash. June 11, 2010)....................................................6

*Raines v. Seattle Sch. Dist.*
*No.* 1, 2010 WL 933872 (W.D. Wash. 2010) ....................................................8

*Ramirez v. Countrywide Home Loan Servicing, LP*,
2010 WL 4641948 (E.D. Wash. 2010) ....................................................10, 12

*In re Sellars*,
No. 10-14955-TTG, Dkt. 13-3 (Bankr. W.D. Wash. 2010)....................................................3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700


*Theros v. First. Am. Title Ins. Co.*,
2011 WL 462564 (W.D. Wash. 2011) .......... 2

*Vawter v. Quality Loan Service*,
707 F. Supp. 2d 1115 (W.D. Wash. 2010) .......... 11

*Villareal v. El Chile, Inc.*,
266 F.R.D. 207 (N.D. Ill. 2010) .......... 7

**STATE CASES**

*Amresco Indep. Funding, Inc. v. SPS Props., LLC*,
129 Wn. App. 532 (2005) .......... 11

*Friedl v. Benson*,
25 Wn. App. 381 (1980) .......... 8

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wn.2d 778 (1986) .......... 12

*Koegel v. Prudential Mut. Sav. Bank*,
51 Wn. App. 108 (1988) .......... 11

*McKenna v. Commonwealth United Mortg.*,
2008 WL 4186170 .......... 8

*Mid-Town Ltd. P'ship v. Preston*,
69 Wn. App. 227 (1993) .......... 9

*Monegan v. Pac. Nat'l Bank of Wash.*,
16 Wn. App. 280 (1976) .......... 8

*Sign–O–Lite Signs, Inc. v. DeLaurenti Florists, Inc.*,
64 Wash.App. 553 .......... 12

*Wash. Fed'n of State Emp. v. State*,
99 Wn.2d 878 .......... 12

**FEDERAL STATUTES**

28 U.S.C. § 1746 .......... 7

28 U.S.C. § 1927 .......... 6

**STATE STATUTES**

RCW 61.24 .......... 11

RCW 61.24.030(8)(g) .......... 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

RCW 64.04.010 ....................9

**RULES**

Fed. R. Civ. P. 6(a)(1)(C) ....................6

Fed. R. Civ. P. 6(a)(6)(B) ....................6

Fed. R. Civ. P. 11(a) ....................7

Fed. R. Evid. 801(c) ....................7

Local Rule W.D. Wash. 7(b)(2) ....................1, 8

Local Rule W. D. Wash. 7(d)(3) ....................6

**OTHER AUTHORITIES**

U.S. District Court, Western District Of Washington, Electronic Filing Procedures For Civil And Criminal Cases (Oct. 13, 2010), available at: www.wawd.uscourts.gov/documents/ecfupgrade/ElectronicCaseFiling/ECF%20Filing%20Procedures%20-%20Amended%2010.13.10.pdf ....................6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. INTRODUCTION AND SUMMARY OF SURREPLY

Plaintiffs Auxier Financial LLC's ("Auxier") Complaint challenges Defendants' right to nonjudicially foreclose on a Deed of Trust to which Auxier is not a party. Dkt. 1. Defendants JPMorgan Chase Bank, N.A. ("Chase") and Bank of America, N.A. ("Bank of America") moved for summary judgment on all claims on December 8, 2011, with evidence showing that Plaintiff lacked standing to challenge the foreclosure, and that its claims failed on the merits in any event. Plaintiff failed to timely respond. Dkt. 22. As a result, Defendants filed a reply in support of summary judgment, citing to Local Rule 7(b)(2), which provides that the failure to oppose a motion is an admission that the motion has merit. Dkt. 30. ***After*** Defendants filed their reply, Plaintiff filed an untimely, unsigned, and unsworn 20-page declaration purporting to have certain exhibits, but did not file a "brief in opposition," as required by Local Rule 7(b)(2). Dkt. 31. Later that day Plaintiff filed a "corrected" declaration [Dkt.32], again untimely, unsigned, and unsworn, but this time including various attachments. Two days later—on the Noting date for the motion and the same day Defendants' reply was due—Plaintiff's counsel filed a 12-page declaration, attaching 65 pages of new materials. *See* Dkt. 33. But Plaintiff has not responded to ***any*** of Defendants' legal arguments or presented any admissible evidence creating a (genuine) disputed issue of material fact, and the Court should grant Defendants' motion because:

***First***, the Court strike the declarations because: (a) Auxier's is unsigned and unsworn; (c) both rely on inadmissible hearsay; and (d) both rely on evidence that was expressly requested in discovery but which was not produced (because Plaintiff refused to respond to discovery ***at all***).

***Second***, Plaintiff has not timely or substantively opposed summary judgment, and the Court should enter summary judgment for the reasons stated in Defendants' reply. Dkt. 30.

***Third***, on the merits, Plaintiff lacks standing to challenge Defendant's foreclosure because he is not a party to the Note or Deed of Trust. Moreover, Plaintiff fails to offer any evidence to support any element of any of its claims, which fail as a matter of law in any event.

## II. RESTATEMENT OF RELEVANT FACTS

Mr. Auxier's 20-page declaration is short on nouns, long on adjectives, and appears to proceed from the premise that if he repeats himself enough that perhaps he can convince

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

someone else that has obtained a property right. He is mistaken. Mr. Auxier spends many pages speculating about the authenticity of a Note to which is not a party, discussing a ***separate*** transaction involving an ***adjacent*** parcel, and threatening to sue the current owners of the disputed property because, he claims, they "owe [him] a Deed" to the Property (effectively admitting Plaintiff does not now own the property and thus lacks standing). Ultimately, nothing in Mr. Auxier's statement creates a material fact that prevents entry of summary judgment. Likewise, Mr. Mueller's 12-page build-up about securitized trusts does nothing to create standing for his client, a stranger to the Note and Deed of Trust. Chase holds the relevant Note endorsed in blank and can foreclose as a result. Nothing else matters here.

**Chase Holds the Note Secured by a Deed of Trust on the Disputed Parcel.** Joe Sellars borrowed $298,000 from Washington Mutual in February 2007, secured by a Deed of Trust on property he owned with Greg Greene located at 2525 Center Road, Everett, Washington 989024 (the "Property"). Greene Decl. ¶¶ 1-3 & Ex. B; Sellars Decl. ¶¶ 2-3 & Ex. C. WaMu (acting as servicer and custodian of the Trust owning the Note) held the indorsed Note until it was taken into receivership by the FDIC, at which point Chase acquired WaMu's assets, including the Sellars Note. Kirzoyan Decl. ¶ 2; *see also* n.2, *infra*. Chase has held the indorsed Note since September 2008, and the original is currently in the possession of counsel for Chase. *Id.* Mr. Sellars acknowledges that Chase's Note is valid. *See* Sellars Decl. ¶ 3 & Ex. C.

Plaintiff's refusal to acknowledge the validity of the signatures is irrelevant, because Mr. Sellars has done so. Regardless, promissory notes are self-authenticating and the Mirzoyan Declaration is sufficient. Judge Coughenour granted summary judgment under similar facts:

> Plaintiff presents no evidence that Defendant Wells Fargo does not hold the promissory note. Plaintiff instead argues that the Court should disregard Mr. Gissendanner's declaration as hearsay, citing case law on the authentication of electronic business records. (See Resp. 2 (Dkt. No. 12).) Plaintiff's argument is off-point. Promissory notes are self-authenticating under Federal Rule of Evidence 902(9). Mr. Gissendanner's declaration provides an adequate basis for this Court to find that Defendant Wells Fargo holds the promissory note"

*Theros v. First. Am. Title Ins. Co.*, 2011 WL 462564, *2 (W.D. Wash. 2011) (citations omitted). Any confusion over stray markings and notations on photocopies does not change the undisputed evidence that Chase holds the Note. *See, e.g., Donaldson v. BAC Home Loans Servicing, LP*,

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2011 WL 3739432 (M.D. Tenn. 2011) ("Plaintiff claims that the fact that Defendant is able to produce multiple copies of the alleged original documents 'with different markings, endorsements, bar codes, signatures, and etc.' is evidence that it does not possess any of the original documents. The Court finds this argument to be meritless.").[1] Plaintiff, as a stranger to the Note, lacks authority to challenge its authenticity and offers no evidence to support his speculative claim that Chase does not hold the Note. Dkt. 32-1, at 11.

**The Note is in Default.** That Note has been in default for almost exactly two years, giving the Note holder (Chase) the right to initiate foreclosure on the Property, pursuant to the Deed of Trust. *See* Sellars Dec. ¶ 14 (admitting default) & Ex. D, at 13 (power of sale clause); Sullivan Dec. Ex. C, at 2 (default beginning 1/1/2010). Plaintiff admits that any interest it has in the Property is junior to the Note holder's. Compl. ¶ 1.2. Thus, there is no factual dispute that Chase has the right to foreclose on the Property as a result of Mr. Sellars's default on the Note. This should end the inquiry and the Court may grant summary judgment on this basis alone. *Fidel v. Deutsche Bank Nat. Trust Co*., 2011 WL 2436134, *3 (W.D. Wash. 2011) ("[D]efendant has provided the Note, which was endorsed to defendant and is currently in defendant's possession. Accordingly, defendant has the authority to institute foreclosure proceedings.").

**Plaintiff Confuses the Disputed Parcel (Subject to Foreclosure) With the Vacant Parcel in an Attempt to Show Ownership.** There are two parcels of land with a common address of 2525 Center Road: (a) the Main Property, with a tax parcel number ending in 620***2***; and (b) a vacant lot, with a tax parcel number ending in 620***1***. *See* Sellars Dec. ¶¶ 1, 2, 15 & Exs. A-B, G; Greene Decl. ¶¶ 1-2, 11 & Exs. A, F-G. Chase's lien relates ***solely*** to Main Property. Sullivan Decl. Ex. C, at 1 (Notice of Trustee's Sale; Parcel No. ending in 162-02).

Mr. Auxier admits that there were two parcels, *see* Dkt. 32-1, at 13:2-5, but repeatedly references documents relating to the vacant property in an attempt to bolster his claim to

---

[1] Plaintiff complains about and attaches various versions of the Note. Exhibit A-1 is a copy he obtained from WaMu. Exhibit A-2 is a bar-coded photocopy from the loan file. Exhibit A-3 is a copy obtained from Mr. Sellars's bankruptcy proceeding (explaining the "Exhibit A" reference). *In re Sellars*, No. 10-14955-TTG, Dkt. 13-3 (Bankr. W.D. Wash. 2010). Exhibit A-4 is a photocopy of the original Note, as confirmed by Exhibit A-5, the Mirzoyan Exhibit, which was a color copy of the original Note. Plaintiff's speculation about differences in fading and shading are his imagination and the result of scanning and copying, nothing more.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

ownership over the Main Property. *See, e.g.,* Dkt. 32-1, at 13:18-14 & Dkt. 32-3 (incomplete HUD-1 Settlement Statement ***not*** signed by Messrs. Sellars or Greene, referencing the vacant Parcel No. ending in 6201). Indeed, Mr. Auxier cites to the fact that Mr. Sellars and Mr. Greene provide him with a statutory warranty deed, as evidence of Auxier's ownership of the Main Property, suggesting that "rights … were conveyed on the statutory warranty deed" and in the later Memorandum of Contract which [sic] Mr. Sellars and Greene signed on April 14, 2009." Dkt. 32-1, at 13:12-23. But again, the Statutory Warranty Deed (mentioning Auxier) relates to the ***vacant property*** not the Main Property. *See* Greene Decl. Ex. G (referencing Parcel No. ending in 6201). And the Memorandum of Contract (also mentioning Auxier) specifically provides that it is merely a "summary" of the Sales Agreement, and "shall not be used in interpreting the" Sales Agreement, which controls over any conflict with the memorandum. Sellars Dec. Ex. D, at 2. The fully-integrated and unassignable Sales Agreement nowhere mentions Auxier. The Court should not be fooled by Plaintiff's habit of cross-referencing the two separate parcels in an effort to suggest ownership rights.

**Auxier Financial LLC Has No Interest in the Property**. The only basis Plaintiff offers to show a property interest in the Property is the March 2009 Sale Agreement (and a later purported modification of that agreement). But the Sale Agreement is with IBB&A, and ***nowhere even mentions Auxier Financial***. *See* Greene Decl. Ex. C; Sellars Decl. Ex. E. Moreover, the Sale Agreement expressly provides that it is a fully-integrated contract and that IBB&A could not "assign th[e] agreement, or [its] rights hereunder" without the prior written consent of Messrs. Greene and Sellars. *Id.*, ¶¶ M-O. Although Plaintiff points to a subsequent Amendment to the Sale Agreement that does mention Auxier Financial, that Amendment was never signed by Mr. Sellars, and thus under Paragraph O of the Sale Agreement, has no effect.

**The Sale Agreement Has Expired (and was Breached by IBB&A).** Even if Auxier were a party to the Sale Agreement, IBB&A breached the Agreement by failing to make loan payments and the Agreement expired in March 2010. The Sale Agreement, by its terms, states that IBB&A had to "remain current on the existing loan until completely satisfied" and to pay off

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

the loan in full within 12 months of March 19, 2009. *See* Sellars Decl. Ex. E, at 6, Condition Nos. 1 & 3. It is undisputed that the loan was in default since January 1, 2010, and that the loan was not paid off by March 2010. Mr. Sellars falsely states that he "renegotiated" the terms of the Sales Agreement, and that "8 items were agreed upon," including the elimination of any obligation to make loan payments. Dkt. 32-1, ¶ 2.1.3, at 15:5-16:9. But the original Sales Agreement provided that any Amendments must be signed by all parties, *See* Sellars Decl. Ex. E, ¶ N, and Mr. Sellars never signed the purported Amendment. *See* Sellars Decl. ¶ 9 & Ex. G. As a result, the Sales Agreement IBB&A had expired in March 2010. The Amendment purports to extend the deadline for obtaining the reconveyance to April 31 [sic] 2011, but again, neither Mr. Greene nor Mr. Sellars agreed to that extension. *See id.*; *see also* Green Decl. ¶ 6.

Plaintiff tries to argue that the Purchase and Sale Agreement terms have been satisfied, citing: (a) a $31,000 payment to Messrs. Sellars and Greene; (b) a purported "reinstatement" of the loan in 2009; (c) the alleged engagement of a third-party to assist with a work-out of the Sellars loan; and (d) the fact that Messrs. Sellars and Greene never sued him. Dkt. 32-1, at 18:5-19. But none of these facts is helpful to Plaintiff.

Plaintiff admits he does not currently own the property (such that he could prevent foreclosure) by stating his belief that Messrs. Sellars are Greene "owe" him a Deed to give him title to the property. Dkt. 32-1, at 18:12-13. Indeed, there is no reason why Plaintiff would offer to buy the property from Messrs. Greene and Sellars if he already owned it in 2011. Sellars Decl. ¶ 12; Greene Decl. ¶ 8. And the $31,000 payment was for the ***vacant*** property, not the Main Property at issue, *see* Sellars Dec. ¶ 16 & Ex. H, at 1, ll.5 ($31,000 purchase price for "vacant land" with tax parcel No. ending in 16201). And Plaintiff's citation to a ***2009*** cashier's check (for money it already owed) is meaningless, because the loan was has been in default since January 2010 (before even the purported amendment) and Plaintiff's obligation was to both "stay current" at all times and to "satisfy" the entire debt by March 2010, not merely reinstate the loan for a few months. *See* Dkt. 32-3 (check); Sullivan Decl. Ex. C, at 2, § IV (default began 1/1/2010); Sellars Decl. Ex. E at 6 (conditions). Likewise, Mr. Auxier's purported engagement

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

of a random entity (with no evidence as to what that entity is, what year it was engaged, or for what purpose) is irrelevant to IBB&A's obligations under the Sale Agreement. That Sellars and Greene did not sue Plaintiff proves nothing—indeed, it supports Defendants; Greene and Sellars need not sue Plaintiff because they ***already own the property*** and have nothing to sue him over.

There is no evidence raised by Mr. Auxier or Mr. Mueller that shows that Plaintiff has standing to oppose Flagstar's foreclosure or that supports any element of Plaintiff's claims.

**III. MOTION TO STRIKE**

Defendants move to strike the Auxier and Mueller for several reasons.

***First***, neither was timely filed. Under Local Rule 7(d)(3) (and Federal Rule of Civil Procedure 6(a)(1)(C) and 6(a)(6)(B)), any opposition to summary judgment was due on Tuesday, December 27, 2011. *See* Dkt. 32. Plaintiff's declaration was filed on December 28, 2011, and was thus untimely. Mr. Mueller's declaration was not filed until December 30, 2011—the noting date of the motion and the same day that Defendants' reply is due. *See* Dkt. 33. These untimely filings severely prejudice Defendants' ability to craft and file a reply brief, and are disrespectful. Plaintiff's counsel has done this before. Last year, Mr. Mueller did the same thing, and Judge Robart warned that counsel's "dilatory conduct and disregard for this Court's rules … reflects poorly on his ability to practice law" and cautioned "Mr. Mueller to strictly adhere to all dues dates in this matter or risk having Plaintiff's pleading stricken from the record." Order Granting Leave to File Surreply, *Marukyan v. JPMorgan Chase Bank, NA*, No. 10-0478JLR , Dkt. 15 (W.D. Wash. June 11, 2010) (Burnside Decl. ¶ 2 & Ex. A). Mr. Mueller did not learn his lesson. The Court should strike the declarations and impose sanctions pursuant to 28 U.S.C. § 1927.

***Second***, Mr. Auxier's declaration bears only the "/s/" electronic signature reserved for attorneys, pro se litigants, and court staff. *See* www.wawd.uscourts.gov/documents/ecfupgrade/ElectronicCaseFiling/ECF%20Filing%20Procedures%20-%20Amended%2010.13.10.pdf, at § I(B). Non-attorney signatures must be signed for filing. *Id.* §III(L); *see also Docusign v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1306. N.1 (2006) ("Electronic signatures for non-attorneys are not permitted by the Local Rules and CM/ ECF guidelines."). Likewise, Mr. Auxier's declaration is

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

not signed under penalty of perjury. *See* Dkt. 32-1. Because Mr. Auxier's declaration is unsigned and unsworn, it is inadmissible under 28 U.S.C. § 1746. *Constanich v. Wash.*, 2008 WL 1968775, *6 (W.D. Wash. 2008) (unsworn documents will not defeat summary judgment).

***Third***, the vast majority of the "facts" listed in the declarations were never disclosed in Plaintiff's *unsigned* initial disclosures, which because they are unsigned are ineffective. *Compare* Dkt. 32 & 33 *with* Burnside Decl. ¶¶ 3 & Ex. B; *see also* Fed. R. Civ. P. 11(a). Indeed, despite repeated requests, Plaintiff ***refused to provide any discovery responses*** to Defendants. *See id.* ¶ 4 & Exs. C & D. Those requests asked Plaintiff to detail facts surrounding its relationship with Mr. Greene, Mr. Sellars, and Chase, the bases for its claims, who Plaintiff discussed property rights with, the alleged flaws in Trust assignments, and damages calculations. *Id.* Ex. D. Chase also asked for documents reflecting contractual rights of Auxier. *Id.* Plaintiff provided ***nothing*** in discovery, but now seeks to offer 32 pages of testimony on those very topics. "One consequence of [Plaintiff's] failure to provide information in disclosures, discovery responses or supplementation of discovery is that [it] may not use that information as evidence on a motion, or at a hearing or trial, unless the court finds grounds to excuse the failure." *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010) (citing Fed. R. Civ. P. 37(c)(1)). "Courts need not tolerate flagrant abuses of the discovery process" and have "inherent power" to exclude evidence as a sanction for such abuses. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980). Plaintiff's refusal to provide ***any*** discovery warrants exclusion of evidence.

***Fourth***, each declaration contains large swaths of inadmissible hearsay. Specifically, Sections 2.1.1, 2.1.2, 2.7.1, and 2.8 of Mr. Auxier's declaration, and Paragraph 9 of Mr. Mueller's declaration, contain inadmissible hearsay as to what Ms. Goldsmith, Ms. Velez-Brown, Mr. Bolyad, various WaMu/Chase employees, and a title officer allegedly said. The Court should strike this evidence as inadmissible. Fed. R. Evid. 801(c).

***Fifth***, Auxier's Exhibits B-1 and B-4, and Mueller's Exhibits M1-M6 are certified records and thus should be excluded. *Martinez v. Am. Wholesale Lender*, 2011 WL 3562937, *2-*3 (9th Cir. 2011) (unpublished) (striking uncertified records from recorder's website).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## IV. ARGUMENT

### A. Plaintiff Did Not Timely Respond to the Summary Judgment Motion

Local Rule 7(b)(2) provides that a party opposing a motion must file "a brief in opposition to the motion." Plaintiff filed no brief, instead filing two sprawling declarations. This is insufficient. *See, e.g., McKenna v. Commonwealth United Mortg.*, 2008 WL 4186170 (granting motion as unopposed under Local Rule 7(b)(2) because plaintiffs "did not file an opposition to the motion except that they did file declarations from" counsel); *Raines v. Seattle Sch. Dist. No.* 1, 2010 WL 933872, *1-2 (W.D. Wash. 2010) ("instead of providing a brief in response to defendant's motion, containing appropriately supported factual assertions and legal arguments, [counsel] has offered" only a declaration"). The failure to file an opposition brief is an admission that the motion has merit, and the Court should enter summary judgment, rather than wade through 150 pages with no explanation for how that material provides standing or establishes ***any*** element of any claim. *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005).

### B. Plaintiff Does Not Have Standing To Pursue Any Claims.

Defendants' motion showed that Plaintiff lacks standing. Def. Mot., p. 7-12. Nothing in either declaration challenges that argument. Indeed, the declarations do not even mention standing, instead focusing on photocopies, securitized trusts, and recorded documents. Put simply, Plaintiff has no evidence showing standing, it is not a party to the Note or Deed of Trust, and Plaintiff does not dispute that Mr. Sellars is in default or that the Note holder may foreclose. This ends the inquiry. Plaintiff is a stranger to the deed with no standing to stop foreclosure. *Fed. Nat'l Mortg. Assoc. v. Wages*, 2011 WL 5138724, *2 (W.D. Wash. 2011) (plaintiff's "claims arising out of the loan contract to which he was not even a party to fail as a matter of law"). Even a third party with a contractual interest in a borrower's property "has no standing to complain of an action" for nonjudicial foreclosure "fully acceded to by" borrower. *See Monegan v. Pac. Nat'l Bank of Wash.*, 16 Wn. App. 280, 289 (1976). Said otherwise, if the parties to the Deed of Trust do not contest the right to foreclose, Plaintiff has no standing to do so either.

Likewise, Plaintiff admits that the Sale Agreement does not contain a price term, Dkt. 32-1, at 15:15-21, an essential contract term for real property. *See Friedl v. Benson*, 25 Wn. App.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

381, 389 (1980) ("A writing is insufficient where it discloses that any of the material terms of the agreement are left open to be settled by future conferences between the parties; in such a case ***there is no complete agreement***."). Because the Sale Agreement is not a complete agreement, it cannot give a property interest. Indeed, the indefiniteness of key terms shows this was a non-binding "agreement to agree," which cannot for the basis of a contract providing a property interest. *See Goodstein v. Cont'l Cas. Co.*, 509 F.3d 1042, 1050-51 & n.9 (9th Cir. 2007).

Finally, Plaintiff does not dispute that any property interest must be by Deed, which he concedes he lacks. RCW 64.04.010 ("Every conveyance of real estate, or any interest there, and every contract creating or evidencing any encumbrance upon real estate, ***shall be by deed***.") (emphasis added); Dkt 32-1, at 18:12-13 (he's "owe[d]" a deed).

**C. The Sale Agreement Did Not Convey Any Protected Interest in the Property.**

Defendants' Motion shows that the Sale Agreement upon which Plaintiff relies for a property interest expired at least six (if not eighteen) months ago, and that Chase had no duty under the Deed of Trust Act to allow Plaintiff to reinstated Mr. Sellars's loan in any event. Def. Mot. at 11-14. Plaintiff's declarations offer no admissible evidence to refute these facts and offer no legal argument whatsoever. At the risk of belaboring the point, Plaintiff's claims fail.

**The Agreement Expired.** "[W]hen an agreement makes time of the essence, fixes a termination date, and there is no conduct giving rise to estoppel or waiver, the agreement becomes legally defunct upon the stated termination date if performance is not tendered." *Mid-Town Ltd. P'ship v. Preston*, 69 Wn. App. 227, 233 (1993). The Sale Agreement makes time of the essence in the last sentence of paragraph (l). Greene Decl. Ex. C at 4 ("Time is of the essence of this Agreement"). It also fixes a termination date of March 19, 2010, which may have been extended at most to April 30, 2011. Sellars Decl. Ex. F; Greene Decl. Ex. E. Assuming the termination date of the Sale Agreement was April 30, 2011, it expired six months ago without the Loan being paid in full. The Sale Agreement is expired thus Plaintiff has no interest.

**Chase Did Not Have Any Duty To Allow Plaintiff To Cure Mr. Sellars's Defaults**. Plaintiff's entire liability theory appears to stem from the belief that *if* it had a property interest in

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Messrs. Sellars and Greene's property, that Chase was somehow obligated to let it reinstate the loan. But because Plaintiff does not allege it is the borrower, grantor, or guarantor of the Loan, it has no right to reinstate under the Deed of Trust Act. Indeed, in a case directly on point, Judge Suko in the Eastern District of Washington affirmed a bankruptcy Court's rejection of any obligation to allow a stranger to pay-off a lien to protect its own interests:

> [A third party] ***did not have the right to cure the payment deficiency on [another's] loan***. … If state law did provide[d] that[,] … the holder of a note secured by a deed of trust would be required to accept cure from any party who is a stranger to the underlying transaction, payment from a party against whom the note could not be legally enforced. ***No holders and beneficiaries would [sic] be required to deal on a long term basis under the note with strangers to the underlying transaction who had not assumed any liability*** [to the lender] … and state law simply doesn't mandate that result.

*Ramirez v. Countrywide Home Loan Serv., LP*, 2010 WL 4641948, *6 (E.D. Wash. 2010) (emphasis added) (rejecting Deed of Trust Act and CPA claims for lack of standing).

**D. Plaintiff Has Not Identified Any Genuine Issue of Material Fact.**

Defendants' Motion explains why Plaintiff's concerns over securitization are irrelevant to Chase's right to foreclose generally, why Plaintiff is economically indifferent to whether the loan is securitized, and that Washington does not recognize a wrongful foreclosure initiation claim. Def. Mot. at 14-17. Plaintiff offers no evidence or argument response to these arguments, instead focusing on whether Chase correctly assigned rights to other entities. *See* Dkt. 33, ¶ 5. But none of that matters because the Note is indorsed in blank, making it enforceable by whomever holds it. Plaintiff's declarations offer no disputed issue of material fact on their claims (indeed, they do not address the merits of their claims at all). Each theory fails, as a matter of law.

**1. Securitization Is Immaterial to Plaintiff's Claims.**

Mr. Mueller's concern over assignments and securitization issues is irrelevant to any issue in the case. Even if Plaintiff had standing to complain about assignments to which it is not a party (and it does not), any alleged transfer is irrelevant to Chase's the right to foreclose:

> Plaintiffs allege that Flagstar "transferred" their loan into a mortgaged-backed security fund related to Fannie Mae. However, even assuming that Plaintiffs' allegations are true, they have not established that Flagstar presently lacks authority to enforce the Deed of Trust at issue or that Flagstar lacks authority to initiate foreclosure proceedings. It is undisputed that Flagstar is in possession of the original Note at issue, endorsed in blank. Flagstar therefore is the holder of the Note with the right to enforce it and the corresponding Deed of Trust.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Corales v. Flagstar Bank, FSB*, --- F. Supp. 2d ---, 2011 WL 4899957, *4 (W.D. Wash. 2011). Moreover, as explained in the footnote below, Mr. Mueller's conspiracy theories are baseless.[2]

**2. No Foreclosure Has Occurred and There Is No Claim for Wrongful Initiation of Foreclosure.**

Plaintiff does not dispute that there is no claim for wrongful foreclosure initiation, and as such the Court should grant summary judgment on that claim. *Vawter v. Quality Loan Service*, 707 F. Supp. 2d 1115, 1123-24 (W.D. Wash. 2010). Mr. Mueller's observation that long-since expired Notice of Trustee's sale from August 2010 was mistakenly recorded by the Trustee in Pierce (rather than Snohomish) County is beside the point. RCW 61.24.030(8)(g) (Trustee's Sale may be extended a maximum of 120 days). There was no sale, and Plaintiff identifies no prejudice as a result of the Trustee's error—which is correctable when foreclosure resumes—which bars any claims. *Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App. 108, 113 (1988) (dismissing claim where "error was technical ... nonprejudicial, and correctable"); *Vawter*, 707 F. Supp. 2d at 1124; *Amresco Indep. Funding, Inc. v. SPS Props., LLC*, 129 Wn. App. 532, 537 (2005) ("technical, nonprejudicial errors . . . under RCW 61.24" do not void the foreclosure process"; "Despite the strict compliance requirement, a plaintiff must show prejudice").

**3. Plaintiff Has Not Offered Evidence That Title Was Slandered.**

Defendants' motion explains that slander of title requires evidence of false words about a pending sale of property, published maliciously with the purpose of defeating plaintiff's title, and

---

[2] Mr. Mueller's speculation that the Sellars Note could not be an asset acquired by Chase as part of the WaMu receivership is misplaced and irrelevant. *See* Dkt. 33, ¶ 13. The Sellars loan was part of the April 2007 OA-4 Trust: http://www.sec.gov/Archives/edgar/data/1317069/000127727707000286/fwploantapewamu07_oa4.htm (mortgage loan schedule for the 2007 OA-4 Trust; search for the loan ending on 1174; loan matches all terms of Sellars's loan); *see also* Compl. ¶ 1.3 (referencing the full loan number, ending in 1174). That Trust is governed by a Pooling and Servicing Agreement ("PSA"), which provides that WaMu was both the service and the "Initial Custodian" responsible for holding the endorsed Notes for the benefit of the Trust, and for foreclosing on defaulting loans. *See* http://www.sec.gov/Archives/edgar/data/1396435/000127727707000357/exh41to8kpsawamu07_oa4.pdf, at 57 ("Initial Custodian : Washington Mutual Bank fsb"); p.92 ("Servicer: Washington Mutual Bank"), pp. 103-04, § 2.05 ("Initial Custodian shall perform responsibilities of the Trustee on the Trustee's behalf with respect to the delivery, receipt, examination, custody and release of the Mortgage Files related to the Mortgage Loans"); p.125 § 3.09 ("Servicer shall foreclose upon … the ownership of any Mortgaged Property securing a Mortgage Loan which comes into and continues in default"). Thus, WaMu was servicer and holder of the Sellars Note, on behalf of the Trust. When WaMu failed in 2008, Chase acquired WaMu's loan assets and servicing rights, thereby stepping into WaMu's role as Servicer for the Trust (and Note holder), with the obligation to foreclose on defaulting loans: www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf, § 2.01 (Chase "assumes all loan servicing rights and obligations of" WaMu), § 3.01 (Chase acquired all WaMu assets and servicing rights). Because Chase acquired WaMu's assets and servicing rights, it acquired the Sellars Note in September 2008. (The Court may take judicial notice of the SEC filings and FDIC agreement. *Fidel*, 2011 WL 2436134, *1-2 & n.1.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

which cause Plaintiff pecuniary loss. Def. Mot. at 18-19. Plaintiff offers no evidence or argument as to any element of this claim and the Court grant Defendants summary judgment.

**4. Plaintiff Has Not Offered Evidence Supporting Any of the Elements of Its CPA Claim.**

Plaintiff's declarations do nothing to establish the essential CPA elements of an unfair or deceptive act or practice, public interest impact, injury, or causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Enforcing contractual rights against a third-party is not deceptive, does not affect the public, and did not cause any injury to Plaintiff. *See Ramirez*, 2010 WL 4641948, at *6 (affirming dismissal of CPA claim for lack of standing where lender did not permit stranger to reinstate the loan). Indeed, the only injury Plaintiff cites are litigation costs, which are not injury. *Sign–O–Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 564 ) ("having to defend against Sign's collection action and having to prosecute a CPA counterclaim is insufficient to show injury to her business or property.") The Court should grant Defendants summary judgment on this claim as well. *Id.*

**5. Plaintiff's Request for Injunctive and Declaratory Relief Fail Because They Are Wholly Derived From Other Failed Claims.**

Defendants' motion explains why Plaintiff cannot meet the high burden necessary to obtain injunctive relief. *See* Def. Mot. at 22-24. Plaintiff offers no evidence or argument in response, and the Court should grant Defendants summary judgment on that claim, as Plaintiff offer no evidence to identify any "clear legal or equitable right" that would justify an award of injunctive relief. *See Wash. Fed'n of State Emp. v. State*, 99 Wn.2d 878, 888(1983).

## V. CONCLUSION

The Court should grant Defendants summary judgment because Plaintiff: (a) did not respond to the motion; (b) lacks standing to challenge foreclosure of a Deed to which it is a stranger; and (c) Plaintiff has no evidence supporting any elements of its claims.

DATED this 8th day of December, 2011.

Davis Wright Tremaine LLP
Attorneys for Chase and Bank of America

By */s/ Fred B. Burnside*
Fred B. Burnside, WSBA #32491
Matthew Sullivan, WSBA #40873
E-mail: fredburnside@dwt.com
E-mail: matthewsullivan@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on December 30, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Edward L. Mueller
  elm@muellerlawfirm.net

DATED this 30th day of December, 2011.

    Davis Wright Tremaine LLP
    Attorneys for Defendants
    Chase and Bank of America

By   *s/ Fred B. Burnside*
    Fred B. Burnside, WSBA #32491
    Matthew Sullivan, WSBA #40873
    Suite 2200, 1201 Third Avenue
    Seattle, Washington 98101-3045
    Tel.: (206) 757-8016; Fax: (206) 757-7016
    E-mail: fredburnside@dwt.com
    E-mail: matthewsullivan@dwt.com

SURREPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
(C10-2070 MJP) — 13
DWT 18756328v1 0036234-000065

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700